■ BAKER HALL, INC., Respondent, v COUNTY OF WAYNE, Appellant.—Judgment unanimously affirmed, with costs. Memorandum: There is no merit to defendant's assertion that the contract (effective July 1, 1982) permits defendant to pay plaintiff at a rate set forth in a bulletin published by the New York State Department of Social Services on December 10, 1982. We agree with Special Term's legal conclusion that the phrase "the Department" refers to defendant and not to the New York State Department of Social Services. Moreover, assuming, arguendo, that the term "the Department" refers to

the New York State Department of Social Services, this construction does not automatically permit defendant to pay the rate set forth in the State bulletin. The contract between the parties permits defendant to pay a rate lower than the contract's per diem rate, but only after plaintiff submits to "the Department" reports of its income and expenses for the first six months of operation. The reports must be submitted no later than the seventh month after operation and if "the Department" then finds that actual costs were less than the per diem rate, a retroactive adjustment is permitted. The first six months of operation had not yet expired when the State bulletin relied on by defendant was published. This bulletin, therefore, cannot be based on plaintiff's first six months of operation and can afford defendant no basis for paying less than the contracted-for per diem rate. Since this bulletin was the sole document relied on by defendant to justify paying less than the stated per diem rate, the court correctly found in plaintiff's favor. That the court took no testimony, pursuant to stipulation by the parties, is of no moment since defendant's allegations, even if deemed true, do not constitute a defense to this action as a matter of law.—(Appeal from judgment of Wayne County Court, Stiles, J.—breach of contract.) Present—Dillon, P. J., Doerr, Boomer, O'Donnell and Pine, JJ.